UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA VELAZQUEZ-BELTRAN,

Petitioner,

v.

Kristi NOEM, in her official capacity as Secretary of Homeland Security; Christopher J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; Gregory J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd LYONS, in his official capacity as Acting Director of ICE; and Pamela BONDI, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 3:26-cv-959-JES-MSB

**ORDER:**

**(1) GRANTING COUNT ONE OF THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; AND**

**(2) DENYING AS MOOT COUNT TWO OF THE PETITION.**

**[ECF NO .1]**

//

//

//

1

Before the Court is Petitioner Maria Velazquez-Beltran's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents ("the Government") filed the Response. ECF Nos. 2; 4, ("Res."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** Count One of the Petition and **DENIES AS MOOT** Count Two of the Petition.

## I.    BACKGROUND

In 2001, Petitioner, a Mexican national, entered the United States without inspection. Pet. ¶ 8. On February 12, 2026, Petitioner was detained by Respondents, who then initiated removal proceedings against her. *Id*. ¶¶ 2, 19. Petitioner is currently subject to mandatory detention, pursuant to 8 U.S.C. § ("Section") 1225(b)(2)(A), at the Otay Mesa Detention Center. *Id*. ¶ 2; ECF No 1-2 at 1.

Petitioner contends that she has been illegally detained by Respondents and that seeking a bond redetermination hearing from an Immigration Judge ("IJ") would be futile, in light of the Board of Immigration Appeals' ("BIA") decision in the *Matter of Yajure Hurtado*. Pet. ¶ 3; 29 I&N 216 (BIA 2025) (holding that Section 1225(b)(2) applies to noncitizens like Petitioner). Petitioner argues that she has lived in the United States for well over two decades, and therefore, Section 1225(b) does not apply to her. Pet. ¶¶ 26-27. Further, to the extent she remains in custody, her detention should proceed under Section 1226(a). *Id*. ¶¶ 23-29.

Accordingly, Petitioner seeks habeas relief as her continued detention, governed by Respondents' application of Section 1225(b), and not Section 1226(a), violates: (1) the Immigration and Nationality Act ("INA"); and (2) the Due Process Clause of the Fifth Amendment of the U.S. Constitution. *Id*. ¶¶ 23-34.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### III.    DISCUSSION

The Court finds that the Petition's issues—specifically, the Court's jurisdiction and which statute governs Petitioner's detention—are analogous to those raised in the Court's decision in *Martinez Lopez v. Noem, et al.* No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-7 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning it stated in *Martinez Lopez* and incorporates it by reference. *Id*.

### A.    Jurisdiction

Based on the facts of this Petition, the Court finds that Section 1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas petition. Further, the prudential administrative exhaustion requirement for Section 2241 claims is excused. Imposing this requirement would be futile due to the BIA' precedential decision in *Matter of Yajure Hurtado*, 29 I&N 216 (BIA 2025). Thus, the Court finds that it has jurisdiction to hear the Petition.

**B.        Section 1226 Governs Petitioner's Detention**

In November 2025, the Central District of California held that the Government's interpretation of the INA (i.e., subjecting noncitizens to mandatory detention under Section 1225(b)(2), rather than Section 1226(a)), was unlawful and granted those petitioners partial summary judgment. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025), Shortly thereafter, the court certified a national Bond Eligible Class to whom it "extend[ed] the same declaratory relief [it previously] granted to [the individual] Petitioners." *Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

On December 18, 2025, the court clarified its previous orders when it entered final judgment under Federal Rule of Civil Procedure Rule 54(b) and held that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F.Supp.3d ---, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  The court defined the Bond Eligible Class as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025).

Finally, on February 18, 2026, the court vacated *Matter of Yajure Hurtado*, due to its finding that the BIA decision was contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). The Court also ordered Respondents to "promptly serve the [court provided] Notice on all noncitizens who are newly arrested or detained by immigration officers and who Respondents reasonably believe may be members of the class." *Id*.

Following the entry of judgment in *Bautista*, the Government generally responded to Habeas petitions, based on this very issue, by "acknowledg[ing] that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." Return to Petition, *Delvimar v. U.S. Immigr. & Customs Enf't*, No. 3:26-cv-00009-JES-MSB, (S.D. Cal Jan. 13, 2026), ECF No. 4. Based on the Government's reaction, the Court surmised that when the *Bautista* Court vacated *Hurtado,* the Government would reasonably be foreclosed from reverting to its prior position.

Interestingly, here, the Government—in its response, that was filed after *Hurtado* was vacated—argued that Petitioner, under *Hurtado*, was subject to mandatory detention under Section 1225(b). Res. at 2-3; *see* 29 I&N at 216. This is because she was detained while in the United States and had not been admitted or paroled into the country. The Government's argument squarely conflicts with the overwhelming amount of courts, not only from this Circuit but across the nation, that have come to the opposite conclusion. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-CV-1408, 2025 WL 2682255, at *9 (E.D. Va. Sept. 19, 2025) ("For all these reasons,...Hasan's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures."); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1261 (W.D. Wash. 2025) ("Rodriguez has shown that the text of Section 1226, canons of interpretation, legislative history, and longstanding agency practice indicate that he is governed under Section 1226(a)'s 'default' rule for discretionary detention. The Court is persuaded that Rodriguez is likely to succeed on the merits that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sept. 19, 2025) ("The BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation. At least a dozen federal courts concur generally with this Court's interpretation of the statutory language as applied in this context."); *Barrera v. Tindall*, No.

3:25-CV-541, 2025 WL 2690565, at *5 (W.D. Ky. Sept. 19, 2025) ("Courts across the country have been faced with similar questions of law and fact presented by the United States. And *every court* who has examined this novel interpretation of Section 1225 by the United States has rejected their theory and adopted Petitioner's. This includes courts within the Sixth Circuit, and across the country."); *Vazquez v. Feeley*, No. 2:25-CV-01542, 2025 WL 2676082, at *16 (D. Nev. Sept. 17, 2025) ("In sum, the Court finds that the text and canons of statutory interpretation, including the legislative history, regulations, and long history of consistent agency practice, as well as the doctrine of constitutional avoidance, demonstrate that Petitioner is likely to succeed in establishing he and similarly situated noncitizens are subject to detention under § 1226(a) and its implementing regulations, not § 1225(b)(2)(A).").

Here, Petitioner entered the United States without inspection, she was not apprehended upon arrival, and had been living in the country for over the last two decades. Further, Respondents do not claim, nor provide any evidence to support, that Petitioner would be subject to detention upon admission, under Sections 1226(c), 1225(b)(1), or 1231. The Court, therefore, finds that Petitioner is a member of the Bond Eligible Class. She, thus. is entitled to the declaratory relief entered by the Central District of California—that her current detention under 8 U.S.C. § 1225 is unlawful. *See Hernandez v. Otay Mesa Detention Center*, 2025 WL 3724913, at *1 (S.D. Cal. Dec. 24, 2025) (Noting that Respondents conceded that because petitioner was a member of the bond eligible class he was considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista*); *see also Mohammadi v. Larose*, 2025 WL 3731737, at *2 (S.D. Cal. Dec. 26, 2025) (holding that the final judgment issued in *Maldonado Bautista* provided independent support for why petitioner was not subject to mandatory detention).

Accordingly, the Court holds that Petitioner is entitled to, and will order Respondent to provide her with, a bond hearing under Section 1226(a).

//

//

### C.    Procedural Due Process

The Court declines to decide the merits of Petitioner's due process claim given that the Court will grant the relief she seeks based on its conclusion that Section 1226(a) applies here. If Respondents do not provide Petitioner with a bond redetermination hearing, pursuant to Section 1226(a), or release her within the time allotted, Petitioner may renew her Fifth Amendment Due Process claim.

## IV.  CONCLUSION

Based on the foregoing:

(1)  The Court **GRANTS** Count One of the Petition;

(2)  The Court **DENIES AS MOOT** Count Two of the Petition;

(3)  The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days** of this Order, or otherwise release her from custody, under the same conditions that existed before her detention;

(4)  Respondents are **ORDERED** to **FILE** a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing; and

(5)  The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge